IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. LIGGON-REDDING, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:07-CV-0935 |
| | : (JUDGE KOSIK) |
| AMERICAN SECURITIES, INS. and | : |
| NATIONAL CITY MORTGAGE | : |
| Defendants. | : |

## MEMORANDUM

Before the court is E. Liggon-Redding's (hereinafter "Plaintiff") complaint and motion for leave to proceed *in forma pauperis.* (Docs. 1 & 2). For the reasons that follow we will dismiss Plaintiff's complaint pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(i) and close this case.

I.  **BACKGROUND**

On January 30, 2006, Plaintiff filed a complaint, pro se, in this district against the above defendants asserting claims of breach of contract. That case was docketed under the number 06-cv-227. The facts of that case are set forth in a Memorandum and Order issued by Judge James M. Munley on January 31, 2006. Plaintiff's first action against the defendants noted that Plaintiff's home was destroyed in a fire. Plaintiff's insurer was defendant, American Securities Insurance Company (hereinafter "American Securities"), and defendant, National City Mortgage (hereinafter "National City"), serviced Plaintiff's mortgage. Plaintiff claimed that

1

American Securities issued a check in the amount of $39,281.23 for the loss of her home.  Defendant, National City, agreed to accept that amount in satisfaction of the mortgage.  According to Plaintiff, American Securities then paid National City a total of $87,992.49.  Plaintiff sought damages from National City for the difference between those two amounts, roughly $48,000.00.  She also requested damages from American Securities totaling roughly $60,000.00.  That sum represented the remaining amount of insurance coverage on the home after the payment to National City.

On January 31, 2006, Judge Munley dismissed Plaintiff's action for lack of subject matter jurisdiction.  Specifically, Judge Munley held that Plaintiff's claims against each defendant did not exceed $75,000.00, the amount in controversy necessary to establish diversity jurisdiction.  Plaintiff filed a notice of appeal to the Third Circuit on March 2, 2006.  Plaintiff subsequently wrote a letter to Judge Munley on May 11, 2006.  In that correspondence, Plaintiff related that she had been sued by Penn Forrest Township in the Court of Common Pleas for Carbon County.  The township sought to have the fire damaged building declared a nuisance and to force Plaintiff to demolish the structure.  Plaintiff further noted that she had unsuccessfully attempted to join American Securities and National City as third party defendants in that case.

On May 9, 2007, Plaintiff filed a second pro se action apparently arising out of the same events that served as the basis for the earlier breach of contract suit.  That case was docketed under the number 07-cv-847.  She cited to 18 U.S.C. §§ 1961-68, the Racketeer Influenced and Corrupt Organizations Act of 1984 (RICO), as the basis for federal question jurisdiction.  In that action, Plaintiff alleged only that "American

2

Security Insurance Company and National City Mortgage conspired and are in collusion to deprive plaintiff of the proceeds of her fire insurance money." By order of May 16, 2007, this court dismissed Plaintiff's RICO action pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii). Specifically, we determined that Plaintiff failed to state any basis for a RICO action that could entitle her to relief. In our May 16, 2007, order, this court noted that Plaintiff had filed several actions in state and federal courts in Pennsylvania and New Jersey.

Plaintiff has now filed a second RICO action in this court against the same defendants and including identical accusations. Plaintiff filed her third pro se complaint along with a motion to proceed *in forma pauperis* on May 23, 2007. (Docs. 1 & 2). Plaintiff's complaint levels accusations of collusion and conspiracy on the part of the defendants and provides some detail of the defendants' alleged misdeeds. Essentially, Plaintiff accuses American Security of submitting false information regarding the extent of the fire damage to her home in an attempt to defraud Plaintiff out of fire insurance proceeds. *See* Complaint at 1. She contends that National City forced Plaintiff to take out a homeowner's insurance policy naming National City as the beneficiary. *See Id.* Plaintiff further alleges that National City returned mortgage payments to Plaintiff so that it could fraudulently foreclose on the property. *See Id.* at 3. Plaintiff avers that the defendants burned down her home in response to prior disagreements. *See Id.* at 1 & 2.

## II.   DISCUSSION

28 U.S.C.A. §1915(e)(2) provides that a court may *sua sponte* dismiss a case

filed by a plaintiff proceeding *in forma pauperis* under certain conditions.  The section states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal
>         (I) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

*Id.*

      28 U.S.C.A. §1915(e)(2)(B)(i) provides for dismissal of a complaint filed along with a request to proceed *in forma pauperis* prior to service upon the defendants when the district court determines that the action is frivolous.  The Supreme Court has determined that, ". . . a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.  As the Courts of Appeals have recognized, § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*,  490 U.S. 319, 325 (1989).

      28 U.S.C.A. §1915(e)(2)(B)(ii) provides a ground for dismissal similar to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . .."  Pursuant to the Rule 12(b)(6) analysis, the court must accept the veracity of a plaintiff's factual allegations.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  "The test for

4

reviewing a 12(b)(6) motion is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Simon v. Cebrick*, 53 F.3d 17, 19 (3d Cir. 1995). We apply the same analysis when contemplating dismissal pursuant to 28 U.S.C.A. §1915(e)(2)(B)(ii).

A civil RICO action may be brought by, "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Section 1962 lists prohibited activities. "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts of racketeering." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (internal citations omitted). In order to plead a "pattern of racketeering activity," a plaintiff must do more than merely allege the commission of the requisite number of predicate acts. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412 (3d Cir. 1991). The Supreme Court has held that a RICO plaintiff must also show that "the racketeering acts are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* (quoting *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis in the original)).

Like the most recent complaint dismissed by this court, Plaintiff's current complaint fails to state any basis for a RICO action. Plaintiff's complaint contains naked allegations that the defendants conspired to fraudulently foreclose on Plaintiff's mortgage, to defraud Plaintiff of proceeds from a fire insurance policy, and to burn down Plaintiff's home. There are no allegations of prior related predicate acts, an

element necessary to plead a civil RICO action. *See Kehr Packages, Inc.*, 926 F.2d at 1412 (holding "pattern of racketeering activity" requires commission of at least two related predicate acts). As with Plaintiff's May 9, 2007, complaint, the present complaint fails to state a RICO claim that could entitle her to any relief. The complaint could be dismissed pursuant to 28 U.S.C.A. §1915(e)(2)(B)(ii).

We also find that Plaintiff's complaint is frivolous. The complaint "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. The pleading contains fantastic and unsupported claims of fraud, conspiracy, and arson. We will dismiss Plaintiff's complaint as frivolous pursuant to 28 U.S.C.A. §1915(e)(2)(B)(i). This court will grant Plaintiff's motion to proceed *in forma pauperis* for the purposes of the filing the complaint only.

We note once more that this is the third pro se action Plaintiff has filed in this court in a little over one year containing the same accusations. Plaintiff filed motions to proceed *in forma pauperis* in each instance, and all three actions have been dismissed prior to service upon the defendants. A review of this court's electronic filing system reveals that Plaintiff has filed at least nine actions in this court since 1991. Plaintiff filed motions to proceed *in forma pauperis* in each of those cases. The majority of the cases were dismissed prior to service or on motions to dismiss. Only one action survived long enough for summary judgment to be entered against Plaintiff on a defendant's motion. *See Liggon-Redding v. Carbon Cty. Tax Asses., et al.*, No. 91 Cv. 01528 (M.D. Pa. Apr. 28, 1993).

With Plaintiff's litigious history in mind, we place Ms. Liggon-Redding on notice

6

that she could face monetary sanctions under Federal Rule of Civil Procedure 11 if she continues to file frivolous actions in this court and abuse the *in forma pauperis* process.  Rule 11 authorizes sanctions against any party whose pleadings do not present legal claims "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal" thereof.  Fed. R. Civ. P. 11(b)(2).  Plaintiff's status as a pro se litigant will neither excuse her continued filing of frivolous cases, nor shield her from Rule 11 sanctions.  *See In re Armstrong*, 2001 WL 799705, 3 (E.D. Pa. Jul. 10, 2001) (holding pro se plaintiffs not shielded from Rule 11 sanctions) (citing *Brock v. Hunsicker*, 1988 WL 120742, 3 (E.D. Pa. Nov. 9, 1988)).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E. LIGGON-REDDING, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:07-CV-0935 |
| | : (JUDGE KOSIK) |
| AMERICAN SECURITIES, INS. and NATIONAL CITY MORTGAGE | : |
| Defendants. | : |

## **ORDER**

AND NOW, this 29th day of May, 2007, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's complaint (Doc. 1) is **DISMISSED** as frivolous pursuant to 28 U.S.C.A. §1915(e)(2)(B)(i);

[2] the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the purposes of the filing of the complaint only;

[3] plaintiff is warned that she may face the imposition of sanctions if she continues to file frivolous actions of this nature; and,

[4] the Clerk of Court is directed to close this case.

*s/Edwin M. Kosik*
United States District Judge